1  TODD BLANCHE
   Deputy Attorney General
2  BILAL A. ESSAYLI
   First Assistant United States Attorney
3  ALEXANDER B. SCHWAB
   Assistant United States Attorney
4  Acting Chief, Criminal Division
   CHRIS S. BULUT (Cal. Bar No. 352016)
5  Assistant United States Attorney
   General Crimes Section
6        1200 United States Courthouse
         312 North Spring Street
7        Los Angeles, California 90012
         Telephone: (213) 894-6738
8        Facsimile: (213) 894-0141
         E-mail:   chris.bulut@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                 UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. 2:25-cr-00803-WLH

14         Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                      ANTHONEY EDWARD ROSALES
15              v.
                                      **[CLASS A MISDEMEANOR]**
16 ANTHONEY EDWARD ROSALES,

17         Defendant.

18

19        1.   This constitutes the plea agreement between ANTHONEY EDWARD

20 ROSALES ("defendant") and the United States Attorney's Office for the

21 Central District of California (the "USAO") in the above-captioned

22 case.  This agreement is limited to the USAO and cannot bind any

23 other federal, state, local, or foreign prosecuting, enforcement,

24 administrative, or regulatory authorities.

25                 RULE 11(c)(1)(C) AGREEMENT

26        2.   Defendant understands that this agreement is entered into

27 pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

28 Accordingly, defendant understands that, if the Court determines that

1  it will not accept this agreement, absent a breach of this agreement

2  by defendant prior to that determination and whether or not defendant

3  elects to withdraw any guilty plea entered pursuant to this

4  agreement, this agreement will, with the exception of paragraph 21

5  below, be rendered null and void and both defendant and the USAO will

6  be relieved of their obligations under this agreement.  Defendant

7  agrees, however, that if defendant breaches this agreement prior to

8  the Court's determination whether or not to accept this agreement,

9  the breach provisions of this agreement, paragraph 23 below, will

10 control, with the result that defendant will not be able to withdraw

11 any guilty plea entered pursuant to this agreement, the USAO will be

12 relieved of all of its obligations under this agreement, and the

13 Court's failure to follow any recommendation or request regarding

14 sentence set forth in this agreement will not provide a basis for

15 defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

16

17     3.    Defendant agrees to:

18          a.    At the earliest opportunity requested by the USAO and

19 provided by the Court, appear and plead guilty to Simple Assault on a

20 Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A

21 Misdemeanor, which is the lesser-included charge of the single-count

22 indictment in <u>United States v. Anthoney Edward Rosales</u>,

23 No. 2:25-cr-00803-WLH, which charges defendant with Assault on a

24 Federal Officer Making Physical Contact, in violation of 18 U.S.C.

25 § 111(a)(1), a felony.

26          b.    Not contest facts agreed to in this agreement.

27

28

2

c.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 14 of this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Submit a handwritten note of apology to victim R.L. no less than one week before sentencing positions are due to be filed, which is to be provided to the government.

i.   Recommend that defendant be sentenced to a term of home confinement of no less than 30 days, and not seek, argue for, or suggest in any way, either orally or in writing, that the Court impose any sentence of less than 30 days of home confinement.

j.   Agree to and not oppose the imposition of the following condition of probation or supervised release:  defendant shall not knowingly enter or come within 100 feet of a federal building or within 100 feet of a federal law enforcement officer engaged in the performance of his or her official duties for an unlawful purpose or with the intent to protest, harass, or cause a

3

disturbance, without prior permission of Pretrial Services. Notwithstanding the prior sentence, defendant is permitted to enter a federal building for legitimate business or governmental purposes. However, defendant must adhere to the building's rules and regulations at all times and follow the commands of any federal employee or officer, and defendant must leave the building immediately, and without a disturbance, if directed by a federal employee or officer.  Any violations of this condition, whether intentional or inadvertent, shall be reported within 24 hours of occurrence.

### THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 14 of this agreement.

### NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be to be guilty of the crime of Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor, the following must be true:  (1) defendant forcibly assaulted a federal officer or employee of the United States; and (2) defendant did so while the federal officer or employee was engaged in, or on account of, his or her official duties.

### PENALTIES

6.   Defendant understands that the statutory maximum sentence that the Court can impose for Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor, is:  one

4

year of imprisonment; a one-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully

5

1   regarding the immigration consequences of the conviction in this

2   case.  Defendant understands that unexpected immigration consequences

3   will not serve as grounds to withdraw defendant's guilty plea.

4                              FACTUAL BASIS

5        10.  Defendant admits that defendant is, in fact, guilty of the

6   offense to which defendant is agreeing to plead guilty.  Defendant

7   and the USAO agree to the statement of facts provided below and agree

8   that this statement of facts is sufficient to support a plea of

9   guilty to the charge described in this agreement and to establish the

10  Sentencing Guidelines factors set forth below but is not meant to be

11  a complete recitation of all facts relevant to the underlying

12  criminal conduct or all facts known to either party that relate to

13  that conduct.

14       On or about August 17, 2025, in Los Angeles County, within the

15  Central District of California, defendant intentionally and forcibly

16  assaulted victim R.L., an employee of the Federal Protective Service

17  ("FPS"), while R.L. was engaged in, and on account of, the

18  performance of R.L.'s official duties and, in doing so, made physical

19  contact with R.L.

20       Specifically, on August 17, 2025, a group of protesters were

21  gathered near the parking garage entrance of the Roybal Federal

22  Building and U.S. Courthouse ("Roybal"), located in Downtown Los

23  Angeles.  Defendant was outside the vehicle gates that lead into the

24  Roybal parking garage.  Defendant then forcibly spit on FPS Officer

25  R.L., with defendant's saliva striking Officer R.L.'s leg.  At the

26  time defendant spat on R.L., R.L. was performing his official duties

27  with the FPS.  Defendant spat on R.L. on account of R.L.'s

28  performance of his official duties.

                                    6

1

SENTENCING FACTORS AND AGREED-UPON SENTENCING

2     11.  Defendant understands that in determining defendant's

3 sentence the Court is required to calculate the applicable Sentencing

4 Guidelines range and to consider that range, possible departures

5 under the Sentencing Guidelines, and the other sentencing factors set

6 forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7 Sentencing Guidelines are advisory only.

8     12.  Defendant and the USAO agree to the following applicable

9 Sentencing Guidelines factors:

10    Base Offense Level:          10          U.S.S.G. § 2A2.4(a)

11    Involved Physical Contact:   +3          U.S.S.G. § 2A2.4(b)(1)

12    Total Offense Level          13

13    13.  The parties agree not to argue that any other specific

14 offense characteristics, adjustments, or departures be imposed.

15    14.  Defendant and the USAO agree that, taking into account the

16 factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant

17 sentencing guideline factors set forth above, an appropriate

18 disposition of this case is that the Court impose a sentence within

19 the sentencing range of between 30 days' home confinement and a term

20 of imprisonment no higher than the low end of the applicable

21 Sentencing Guidelines range, a one-year period of supervised release

22 with conditions to be fixed by the Court which shall include the

23 special condition set forth in paragraph 3(i) above, a fine of

24 between $100 and $4,000, and a $25 special assessment.  The parties

25 also agree that no prior imprisonment (other than credits that the

26 Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be

27 credited against this stipulated sentence, including credit under

28 Sentencing Guideline § 5G1.3.

WAIVER OF CONSTITUTIONAL RIGHTS

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.  The right to persist in a plea of not guilty.

      b.  The right to a speedy and public trial by jury.

      c.  The right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at every other stage of the proceeding.

      d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.  The right to confront and cross-examine witnesses against defendant.

      f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

8

appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

17.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.  Defendant agrees that, provided the Court imposes the sentence in the range specified in paragraph 14 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

19.  The USAO agrees that, provided the Court imposes the sentence in the range specified in paragraph 14 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

20. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge, felony enhancement, or any civil, administrative,

or regulatory action that was either not prosecuted, dismissed, or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

22.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:  (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c)

11

1    the Court's failure to follow any recommendation or request regarding

2    sentence set forth in this agreement will not provide a basis for

3    defendant to withdraw defendant's guilty plea.

4    COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

5    OFFICE NOT PARTIES

6    24.  Defendant understands that the Court and the United States

7    Probation and Pretrial Services Office are not parties to this

8    agreement and need not accept any of the USAO's sentencing

9    recommendations or the parties' agreements to facts, sentencing

10    factors, or sentencing.  Defendant understands that the Court will

11    determine the facts, sentencing factors, and other considerations

12    relevant to sentencing and will decide for itself whether to accept

13    and agree to be bound by this agreement.

14    25.  Defendant understands that both defendant and the USAO are

15    free to:  (a) supplement the facts by supplying relevant information

16    to the United States Probation and Pretrial Services Office and the

17    Court, (b) correct any and all factual misstatements relating to the

18    Court's Sentencing Guidelines calculations and determination of

19    sentence, and (c) argue on appeal and collateral review that the

20    Court's Sentencing Guidelines calculations and the sentence it

21    chooses to impose are not error, although each party agrees to

22    maintain its view that the calculations and sentence referenced in

23    paragraphs 12 and 14 respectively are consistent with the facts of

24    this case.  While this paragraph permits both the USAO and defendant

25    to submit full and complete factual information to the United States

26    Probation and Pretrial Services Office and the Court, even if that

27    factual information may be viewed as inconsistent with the facts

28    agreed to in this agreement, this paragraph does not affect

defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

NO ADDITIONAL AGREEMENTS

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1               PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        27.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TODD BLANCHE
    Deputy Attorney General
9
    BILAL A. ESSAYLI
10  First Assistant United States
    Attorney
11

12

13  _____        12 -19-2025
    CHRIS S. BULUT                         _____
14  Assistant United States Attorney       Date

15

16
    _____        12-22-2025
17  ANTHONEY EDWARD ROSALES                _____
    Defendant                              Date
18

19
    _____        12.22.2025
20  LAURA PAUL                             _____
    Attorney for Defendant                 Date
21  ANTHONEY EDWARD ROSALES

22

23

24

25

26

27

28

                      14

## CERTIFICATION OF DEFENDANT

1

2        I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.  I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement.  No one has threatened or forced me in

14  any way to enter into this agreement.  I am satisfied with the

15  representation of my attorney in this matter, and I am pleading

16  guilty because I am guilty of the charge and wish to take advantage

17  of the promises set forth in this agreement, and not for any other

18  reason.

19  _____        12-22-2025

20  ANTHONEY EDWARD ROSALES                   Date
    Defendant

15

1            <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2      I am ANTHONEY EDWARD ROSALES's attorney.  I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that might

6 be asserted either prior to or at trial, of the sentencing factors

7 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge:  no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16

17 LAURA PAUL                       Date
Attorney for Defendant

18 ANTHONEY EDWARD ROSALES

16