CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Laura Paul (Bar No. 329386)
(E-Mail: laura_paul@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ANTHONEY ROSALES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONEY ROSALES, <br><br> Defendant. | Case No. 2:25-cr-00803-WLH <br><br> **OPPOSITION TO GOVERNMENT'S EX PARTE APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO THE SPEEDY TRIAL ACT; EXHIBIT** |

Anthoney Rosales, by counsel of record Deputy Federal Public Defender Laura Paul, opposes the government's ex parte application (Dkt. 42) for a continuance and for findings that the time requested is excludable under the Speedy Trial Act (STA).

For the reasons set forth below, Rosales respectfully moves the Court to deny the government's motion to continue and to keep this matter on calendar for a change of plea hearing on January 30, 2026, or at the Court's earliest convenience, and to issue a writ to secure the appearance of Rosales by state authorities in order to fulfill his obligations under the agreement. In the alternative, Rosales requests that this court

1

enter an Order to Show Cause to the Sheriff of Los Angeles County or his designee to advise this Court and the parties as to why Rosales cannot be released for one day to attend a change of plea hearing.

### A.     Factual background

This matter was most recently set for trial on February 2, 2025, with a pretrial conference date of January 23, 2026. On December 22, 2025, Rosales signed a plea agreement to resolve this matter. A writ of habeas ad prosequendum was requested and granted for the January 23 pretrial conference, and the order granting the writ made reference to requiring his attendance at "such other times as may be ordered by the Court." (Dkts. 37, 39.) The Court then scheduled the matter for a change of plea hearing on January 30, 2026. That hearing is still on calendar.

On January 15, 2026, undersigned counsel asked this Court's staff if the pretrial conference scheduled for January 23 would be vacated. Chambers responded that the pretrial conference would be vacated, and then, on January 21, advised the parties that the Court requested an amended writ application to secure Rosales' appearance for the January 30 hearing. Rosales, through undersigned counsel, asked counsel for the government to file the amended writ. (*See* Declaration of Laura Paul.) The government did not do so, and instead has moved to continue the trial date of this matter over Rosales's repeated objections. Rosales remains in the custody of the Los Angeles County Sheriff's Department (LACSD).

It should also be noted that the United States Marshals Service (USMS) have a detainer on Rosales (Ex. 1 at 4), which prevents him from entering into any residential treatment programs which would be part of his state court case resolution. The date and reason for that detainer are unknown to undersigned counsel. This document also shows that Rosales has no state hearing dates prior to February 17, 2016. (Ex. 1 at 5.)

**B.    The government has not exercised "due diligence" and the mere fact of a pending state prosecution is insufficient to justify excluding time under the STA.**

The government claims that the Los Angeles County Sheriff's Department (LACSD) would not honor this Court's writ as early as January 2, 2026. (Dkt. 42 at 3.) The government has claimed that the writ was "refused" because of "pending state cases." (Dkt. 42 at 3.) The request for the writ (Dkt. 37) made clear that Rosales would be brought before this court for a single hearing on January 23, 2026, and returned immediately to the custody of the Los Angeles County Sheriff.

The government cites two examples of due diligence: talking with deputy district attorneys in Los Angeles County (who have no authority to enforce the Writ) and conferring with the United States Marshals Service (who have no authority to enforce the Writ.) In fact, the only authority to enforce the writ lies with this Court, and the government has chosen not to ask this court to do so. Instead, it has asked Rosales to agree to delay the resolution of his case. Rosales opposes this delay, and contends that the time is not excludable. This is not due diligence.

The government has offered no evidence to support a claim that the hearing date interfered with one of Rosales's "pending cases" in state court, although it conferred with state prosecutors about Rosales's state litigation. It nonetheless argues that the time required by the State of California to prepare for its own trials by keeping him in custody is excludable. This is not due diligence.

***

The government cites two primary cases in which time in state custody was deemed excludable because the defendant was in state custody: *U.S. v. Taylor*, and *U.S. v. Lopez-Espindola* (Dkt. 42 at 5.)

In *Taylor*, a defendant who had been a fugitive was apprehended one day before his clock would have run under the STA, a situation which the government deemed unfair, as it could not prepare for trial in one day. The Ninth Circuit rejected the

3

government's position that the clock should simply begin anew when a defendant is apprehended. Instead, it said that the language of the STA was clear, and the government had other means of keeping its prosecution going. But most importantly, the facts the court considered in excluding time have nothing to do with the facts here. *Taylor* involved a defendant who had first been a fugitive from charges in the District of Washington, who was later apprehended in the Northern District of California (CAND). The Ninth Circuit found that *some* of his time in state custody was excludable, in part justified by the fact that he was not in the state of Washington state and had multiple proceedings for which his presence was required in California, including testifying in another federal case. *United States v. Taylor*, 821 F.2d 1377 (9th Cir. 1987), rev'd, 487 U.S. 326 (1988). There is no such set of facts before this Court.

      There is no such issue here. The government did not claim, after speaking with state officials in the D.A.'s office, that the D.A. was requesting Rosales's presence in state custody for any purpose, or that a one-day absence would impede their prosecution. Writs of habeas ad prosequendum are honored all the time for defendants in pretrial state custody, as is the case here. Simply citing one anonymous state official's decision to "refuse" this Court's lawful order is not due diligence.

      Likewise, in *Lopez-Espindola*, the Ninth Circuit examined whether a defendant's time in state custody was excludable and found that, because the government had not requested the defendant's presence via a writ of habeas ad prosequendum, they had not exercised due diligence. *United States v. Lopez-Espindola*, 632 F.2d 107, 109 (9th Cir. 1980). However, this case does not hold that the government's obligation of due diligence ends with the filing of the request for a writ.

      Only by showing that it exercised reasonable due diligence in securing Rosales's appearance can the government claim that his time in state custody is excludable. (*See, e.g. United States v. Burrell*, 634 F.3d 284, 292 (5th Cir. 2011) ("because the Government failed to present any evidence showing that [a witness's] presence could not be secured through its reasonable efforts, it has not shown that his presence could

not be obtained through due diligence. Thus, we conclude that the unavailable essential witness exclusion under 18 U.S.C. § 3161(h)(3) cannot apply in this case."); *United States v. Davies*, 291 F. Supp. 3d 1252, 1256 (D. Colo. 2017) ("vague explanations fail to show that due diligence could not have assured [a witness's] presence);

The government provides no evidence to show why an absence of one day would impede the prosecution of his state cases, even after discussing it with the assistant District Attorneys involved in Rosales's prosecution. Nonetheless, the government is asking this Court to assume, without evidence or support, that the state denied this Court's lawful order so that the State of California could prosecute Rosales, and to exclude time under the STA because of that, all because an unnamed state official with no apparent actual knowledge of Rosales's state prosecution decided this Court's order was just a suggestion, and it could be ignored with impunity.

The government has also refused to request an amended writ for the correct day, even after being specifically requested to do so by both the Court and Rosales. The government could have requested the assistance of this Court to enforce the Writ by requesting that the Court enter a order to show cause, but has failed to do so. It is not reasonable for the government to fail to take advantage of these opportunities for legal recourse and then claim that it has exhausted its obligations of due diligence.

### C. Conclusion

Rosales has agreed to plead guilty. In that agreement, the government required Rosales to appear before this Court at the earliest opportunity to plead guilty. He has agreed to be brought out of state custody to do so. Refusing to take action to enforce the very writ it requested, and then to attribute the delay to Rosales by seeking a *six-month continuance*, violates both Rosales's rights under the STA, as well as the spirit of the plea agreement he entered into.

//

//

1  Rosales respectfully requests that this Court deny the government's Motion to
2  Continue, and to issue a Writ of Habeas ad prosequendum, for January 30, 2026 or a
3  date at the Court's earliest convenience, and to alternatively order the Sheriff or his
4  designee to appear and explain why the writ will not be honored if such a decision is
5  made once again.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 27, 2026        By  /s/ LAURA PAUL
LAURA PAUL
Deputy Federal Public Defender
Attorney for ANTHONEY ROSALES